HERSHEY, APPELLEE, *v.* JACOBS, APPELLANT.

(No. 1095—Decided March 19, 1947.)

*Mr. Alton H. Etling* and *Mr. Raymond O. Morgan,* for appellant.

*Mr. Willis Horn* and *Mr. Karl E. Hoover, contra.*

DOYLE, P. J. The following motion is before this court for ruling:

"Now comes D. G. Jacobs, appellant, and moves the court for an order to stay execution of the final judgment in this proceeding, to reverse which an appeal has been filed."

It appears that this court affirmed a judgment of the Court of Common Pleas of Wayne county, which ordered the restitution of certain lands and buildings to the petitioner and awarded the sum of $1,000 as rent for the premises. The judgment of affirmance in this court also "ordered that a special mandate be sent to the Court of Common Pleas of Wayne county to carry this judgment into execution," in accordance with the provisions of Section 12223-40, General Code.

The above motion and a supersedeas bond, regular on its face, is now presented to this court, with the request that, upon the filing of the said bond in this court,

the "execution of final judgment * * * be stayed until determination of this case by the Supreme Court of Ohio." It is claimed by the movant's adversary that this court is without authority to order a stay of execution upon the filing of a supersedeas bond under the statutes extant; that only the trial court or the Supreme Court has such right.

We do not think it necessary to set forth the historical background of the law regulating the stay of execution of judgments. Suffice it to say that the statute now regulating such procedure is in this language (Section 12223-9, General Code):

"No appeal shall operate as a stay of execution except as hereinafter provided, unless and until a supersedeas bond be executed on the part of the appellant to the adverse party with sufficient surety in such sum, not less than the amount of the judgment and interest, *as is directed by the court making the order which is sought to be superseded* or by the court to which the appeal is taken, conditioned as hereinafter provided in Section 12223-14." (Italics ours.)

Section 12223-14, General Code, speaks of the conditions of such bond only.

The order "which is sought to be superseded" by the present notice of appeal to the Supreme Court of Ohio is the judgment of this Court of Appeals, which affirmed the judgment rendered in the Court of Common Pleas. It therefore follows that the statute authorizes the filing of the bond in this court, and that this court is empowered to issue such stay.

It appearing that a sufficient bond is presented and filed, the motion will be sustained.

*Motion sustained.*

HUNSICKER, J., concurs.
STEVENS, J., not participating.