ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel.
 {¶ 2} This appeal arises from the decision of the Common Pleas Court confirming an arbitration award in favor of plaintiff-appellee, Thermal Ventures, II, L.P. ("TV2"). For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 3} On June 28, 2000, Thermal Ventures, Inc. ("TVI") and Thermal Ventures, Limited Partnership ("TVLP"), on the one side, and TV2, on the other side, entered into a Purchase Option Agreement whereby TVI and TVLP granted TV2 an option to purchase their respective interests in five "option assets." TV2 had five years in which to exercise its option rights. Over the next few years, TV2 exercised its option rights with respect to four of the five option assets.
 {¶ 4} Akron Thermal, the fifth option asset, is a public utility located in Akron, Ohio, which provides steam and hot water services to customers in the region.
 {¶ 5} On January 26, 2004, TV2 exercised its option to purchase Akron Thermal by sending the prescribed payment ($1.00) to TVI and TVLP and obtaining the required consent from the City of Akron. When TVI and TVLP refused to transfer ownership of Akron Thermal to TV2 and denied the validity of TV2's option rights to Akron Thermal, TV2 initiated an arbitration proceeding pursuant to the Purchase Option Agreement and requested specific performance of the agreement.
 {¶ 6} The arbitrator conducted an evidentiary hearing, at which both sides presented witnesses and evidentiary exhibits. Subsequent to the hearing, the arbitrator issued a "Reasoned Award on Claimant's Claim for Specific Performance of a Purchase Option Agreement Dated June 28, 2000," in which he found that TV2 "is entitled to specific performance of the Purchase Option Agreement's provision for TV2's acquisition of TVI's and TVLP's ownership interest in [Akron Thermal]," and ordered the transfer of TVI's and TVLP's interests in Akron Thermal to TV2.
 {¶ 7} TV2 subsequently filed an application to confirm the arbitration award in the Common Pleas Court, and, in response, TVI and TVLP filed an application to vacate the arbitrator's award. The trial court granted TV2's application to confirm the award and denied the application of TVI and TVLP to vacate it. TVI and TVLP now appeal the trial court's judgment.
 {¶ 8} In their first assignment of error, appellants contend that the trial court erred in denying its application to vacate the arbitration award because the arbitrator exceeded his authority in rendering the award.
 {¶ 9} Arbitration awards are generally presumed valid, and an appellate court may not substitute its judgment for that of an arbitrator selected by the parties. Findlay City School Dist. Bd. of Edn. v. FindlayEdn. Assn. (1990), 49 Ohio St.3d 129, paragraph one of the syllabus. A trial court may vacate an arbitrator's award only in the limited situations set forth in R.C. 2711.10: (A) the award was procured by corruption, fraud or undue means; (B) there was evident partiality or corruption on the part of the arbitrators; (C) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (D) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
 {¶ 10} While R.C. 2711.10 pertains to the review of an arbitration award by the court of common pleas, we have previously explained that the court of appeals undertakes the same limited review as the trial court. See, e.g., Northern Ohio Sewer Contractors, Inc. v. Bradley Dev. Co.,Inc., 159 Ohio App.3d 794, 2005-Ohio-1014, at ¶ 17; Cleveland v.Fraternal Order of Police, Lodge No. 8 (1991), 76 Ohio App.3d 755, 758. The overriding policy reason for this limited form of review is founded upon the principle that when parties voluntarily agree to submit their dispute to binding arbitration, they agree to accept the result, regardless of its legal or factual accuracy. Ford Hull-Mar Nursing Home,Inc. v. Marr Knapp Crawfis Assoc., Inc. (2000), 138 Ohio App.3d 174,179, citing Cleveland v. Fraternal Order of Police, Lodge No. 8,
supra.
 {¶ 11} Appellants argue that the arbitrator had no jurisdiction to order the transfer of Akron Thermal from TVI and TVLP to TV2 because "the only body with jurisdiction to order and approve a transfer of a public utility's interest from one entity to another is the Ohio Public Utilities Commission ("PUCO")." Appellants contend that because Akron Thermal is a public utility, it is subject to the rules and regulations of Ohio's public utility law. Specifically, appellants contend that R.C.4905.48 provides that the consent and approval of the PUCO is required before transfers of stock or interests between public utilities may occur. Appellants contend that in ordering the transfer of Akron Thermal to TV2, the arbitrator improperly "attempted to stand in the shoes of the PUCO and render a decision regarding a public utility without the PUCO's view toward the public interest."
 {¶ 12} In addition to the statutory law, appellants also refer this court to a standing PUCO Order dated May 18, 2000 which provides that "TVI will retain its one percent general partner interest in the public utilities [which includes Akron Thermal]." Appellants contend that allowing the arbitrator's decision to stand, despite this standing order, would result in the nullification of a PUCO order. We are not persuaded.
 {¶ 13} An arbitrator will not be found to have exceeded his authority so long as the award "draws its essence" from the underlying contract.Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assoc.,49 Ohio St.3d at 132. An arbitrator's award draws its essence from an agreement where "there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful."Cleveland v. Fraternal Order of Police, Lodge No. 8,76 Ohio App.3d at 353. "So long as the arbitrator is arguably construing the contract, the trial court is obliged to affirm his decision. This is so because it is the arbitrator's determination for which the parties bargained." Id.
 {¶ 14} In his decision, the arbitrator noted that he had considered appellants' defense that "TV2 did not obtain necessary approval from the Ohio Public Utilities Commission for an ownership transfer of a public utility." The arbitrator noted further, however, that "construing the documents as a matter of law and considering all the evidence," appellants failed to prove this defense. Specifically, the arbitrator found:
 {¶ 15} "TV2 may not need PUCO approval before it completes this transaction. The PUCO's exclusive jurisdiction relates to rates and services and not common law torts and contracts. Marketing ResearchServ., Inc. v. Pub. Util. Comm. (1987), 34 Ohio St.3d 52; Milligan v.Ohio Bell Tel. Co. (1978), 56 Ohio St.2d 191; Higgins v. Columbia Gas ofOhio, Inc. (2000), 136 Ohio App.3d 198. In its Option Exercise Notice to execute its option rights, TV2 asserts that it does not require PUCO approval to proceed with that transaction. However, if TV2 does need PUCO approval for this transfer or for [Akron Thermal's] ownership, that approval is not a stated condition in the Purchase Option Agreement. Therefore, the Purchase Option Agreement impliedly requires TVI and TVLP to cooperate with and assist TV2 in obtaining PUCO approval of this transaction if TV2 seeks it."
 {¶ 16} We find nothing to indicate that the arbitrator exceeded his authority in making this determination. The PUCO is a creature of statute and has only the jurisdiction conferred upon it by the General Assembly.Canton Storage and Transfer Co. v. Pub. Util. Comm. (1995),72 Ohio St.3d 1, 5. There is only one statutory provision regarding the PUCO's advance approval rights over transfers of interests involving public utilities. Specifically, R.C. 4905.402(B) provides that "[n]o person shall obtain control of * * * a domestic telephone company * * * or a domestic electric utility * * * unless that person obtains the prior approval of the public utilities commission under this section." It is undisputed that Akron Thermal is neither a domestic telephone company nor an electric utility company. Accordingly, this statutory provision does not apply to the transfer order by the arbitrator.
 {¶ 17} Appellants' reference to other statutory provisions is similarly unavailing. TVI and TVLP cite to R.C. 2905.04 and 4905.06, which set forth the PUCO's general "supervisory" powers. They also cite to R.C. 4905.48, which governs transfers of interests between public utilities. There no transfers between public utilities in this case, however, and none of these provisions requires PUCO approval of transfers between entities that are not public utilities, even where the transfers are of an interest in a regulated steam heating and cooling company.
 {¶ 18} Moreover, as the arbitrator properly recognized, "the PUCO is not a court of general jurisdiction, and therefore has no power to determine legal rights and liabilities with regard to contract rights or property rights, even though a public utility is involved." MarketingResearch Serv. Inc. v. Pub. Util. Comm., 34 Ohio St.3d at 56. Here, in construing the rights of the parties pursuant to the Purchase Option Agreement, the arbitrator concluded that the agreement made no reference to PUCO approval or involvement of any kind. Moreover, he found that even if TV2 needed the PUCO's approval for the transfer of Akron Thermal's ownership interests, pursuant to the agreement, TVI and TVLP were implicitly required to cooperate with TV2 in obtaining such approval. In making this determination, the arbitrator did not exceed his authority; he simply exercised it with regard to construing the contract.
 {¶ 19} With respect to appellants' argument regarding the May 18, 2000 standing PUCO order, the record reflects that appellants presented this document and accompanying testimony to the arbitrator at the hearing. He apparently considered and rejected their contentions with respect to this document and we refuse appellants' invitation to reconsider the merits of the parties' dispute. R.C. 2711.10 does not contemplate a de novo review of the merits of the dispute. Northern Ohio Sewer Contractors, Inc.,159 Ohio App.3d at 655, citing Buyer's First Realty, Inc. v. ClevelandArea Bd. of Realtors (2000), 139 Ohio App.3d 772, 784.
 {¶ 20} Finding nothing to indicate that the arbitrator exceeded his powers in rendering the award, we hold that the trial court did not err in denying appellants' application to vacate the award. Appellants' first assignment of error is therefore overruled.
 {¶ 21} In his award, the arbitrator ordered that TVI and TVLP were to transfer their interests in Akron Thermal to TV2 within 30 days from the delivery of the award. He further ordered that if TVI and TVLP failed to transfer all their interests in Akron Thermal within 30 days of delivery of the award, "then they shall be jointly and severally liable to TV2 for the sum of $500 per day for each day thereafter until they deliver those documents."
 {¶ 22} In their second assignment of error, appellants contend that the arbitrator exceeded the scope of his authority by awarding the $500 per day penalty and, therefore, the trial court erred in confirming the award. Appellants argue that TV2 requested only specific performance and, therefore, by rendering a decision on an issue not submitted by any of the parties, the arbitrator exceeded his authority. We disagree.
 {¶ 23} The power to award a remedy is "part and parcel of the arbitration process." Queen City Lodge No. 69, Fraternal Order ofPolice, Hamilton Cty., Ohio, Inc. v. Cincinnati (1992), 63 Ohio St.3d 403. An arbitrator has broad authority to fashion a remedy. Id. Absent restrictive contractual language withdrawing such particular remedial authority from an arbitrator, an arbitrator is presumed to possess it.Teamsters Local Union No. 377 v. Fergus (Mar. 29, 1994), Mahoning App. No. 93 C.A. 20.
 {¶ 24} Appellants do not refer to any restrictive language in the Purchase Option Agreement that would prohibit the arbitrator from fashioning the remedy as he did and our review of the agreement fails to reveal any such restrictions. Therefore, appellants' assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Kilbane, J., concur.