ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel.
 {¶ 2} The record before us demonstrates that on March 29, 2002, plaintiff-appellant, Northern Ohio Sewer Contractors, Inc., received a $38,544 arbitration award against appellees Bradley Development Co. Inc. and Village Builders, Ltd. On April 20, 2004 the award was confirmed by the trial court. Appellees thereafter appealed the confirmation of the award to this court. SeeNorthern Ohio Sewer Contractors, Inc. v. Bradley DevelopmentCo., 159 Ohio App.3d 794, 2005-Ohio-1014, 825 N.E.2d 650. By agreement of the parties, execution of the judgment was stayed upon the posting of a $55,000 supersedeas bond by surety Park View Federal Savings Bank.
 {¶ 3} On March 21, 2005, this court affirmed the trial court's judgment. Id. at 797. Appellees thereafter filed a notice of appeal in the Supreme Court of Ohio. On March 29, 2005, appellant filed a motion to enter judgment against surety Park View Federal Savings Bank. On August 18, 2005, the trial court put forth the following order:
 {¶ 4} "Upon motion duly made, and for good cause shown, it is hereby ordered, adjudged and decreed that Park View Federal Savings Bank, the surety, pay the sum of $49,251.10 due as of May 4, 2005, plus interest at the rate of $5.28 accruing per day from May 4, 2005 until the date of payment to Plaintiff, Northern Ohio Sewer, Inc."
 {¶ 5} In an entry dated August 22, 2005, the trial court denied appellant's motion to enter judgment against Park View Federal Savings Bank. It is from that entry that appellant now appeals. On August 24, 2005, however, the trial court put forth another entry identical to its August 18, 2005 entry ordering Park View Federal Savings Bank to pay appellant.
 {¶ 6} In its sole assignment of error, appellant contends that the trial court erred in denying its motion to enter judgment against Park View Federal Savings Bank. We find appellant's assigned error moot and dismiss this appeal. In particular, we find that the August 24, 2005 order of the trial court, the last order issued by the trial court regarding the issue of surety Park Federal Savings Bank paying over sums to appellant, renders the August 22, 2005 entry of the court, from which appellant appeals, moot.
 {¶ 7} At oral argument, appellant's counsel argued that the August 24, 2005 order could not be collected upon because the word "judgment" was not used in the order. Counsel made that argument despite admitting that he drafted the order. We are baffled by counsel's argument. First, we are puzzled as to why counsel would prepare an order for the court to adopt, in an attempt to collect judgment for his client, when he did not believe the order would constitute a judgment upon which collection could be made. Second, we are puzzled under the facts of this case how language ordering Park View Federal Savings Bank to pay a sum certain, with a specified amount of daily interest, is anything but a judgment.
 {¶ 8} Similarly, we are not persuaded by appellees' argument that the trial court could not properly order Park View Federal Savings Bank to pay on the supersedeas bond because the case was pending in the Supreme Court of Ohio.
 {¶ 9} R.C. 2505.20 governs judgment against sureties, and provides as follows:
 {¶ 10} "Upon affirmance of a final order, judgment, or decree by an appellate court, a judgment or order may be entered against the sureties on any supersedeas bond involved when the mandate of affirmance from the appellate court is filed in the trial court or with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved."
 {¶ 11} App.R. 7(B) governs stays conditioned upon the posting of a bond and proceedings against sureties, and provides as follows:
 {¶ 12} "Relief available in the court of appeals under this rule may be conditioned upon the filing of a bond or other appropriate security in the trial court. If security is given in the form of a bond or stipulation or other undertaking with one or more sureties, each surety submits himself or herself to the jurisdiction of the trial court and irrevocably appoints the clerk of the trial court as the surety's agent upon whom any process affecting the surety's liability on the bond or undertaking may be served. Subject to the limits of its monetary jurisdiction, this liability may be enforced on motion in the trial court without the necessity of an independent action. The motion and such notice of the motion as the trial court prescribes may be served on the clerk of the trial court, who shall forthwith mail copies to the sureties if their addresses are known."
 {¶ 13} R.C. 2505.20 and App.R. 7(B) direct that the stay of execution ends when a final order, judgment or decree has been affirmed by the intermediate appellate court, not the Supreme Court. Indeed, this court stated the following in the first appeal in this case:
 {¶ 14} "It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
 {¶ 15} "A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure."Northern Ohio Sewer Contractors, Inc., supra at 804.
 {¶ 16} Thus, after this court affirmed the trial court's judgment, appellees would have needed to request, and been granted, another stay and post the proper supersedeas bond in order for execution of the judgment of this court to be stayed. See Hershey v. Jacobs (1947), 79 Ohio App. 349, 73 N.E.2d 879. As appellees failed to obtain another stay and post another proper supersedeas bond pending the appeal to the Supreme Court, the action was not stayed at the time of the trial court's order and the judgment directing Park View Federal Savings Bank to render payment to appellant was, and is, valid.
 {¶ 17} Accordingly, the assigned error relative to the trial court's August 22, 2005 entry denying appellant's motion to enter judgment against Park View Federal Savings bank is moot, and the August 24, 2005 judgment of the trial court ordering Park View Federal Savings bank to make payment to appellant is a valid and enforceable order.
Appeal dismissed.
This appeal is dismissed.
It is, therefore, ordered that appellees recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Gallagher, J., concur.