OPINION *Page 2 
{¶ 1} Appellant Debra Deems appeals the decision of the Richland County Court of Common Pleas, Domestic Relations Division, which ruled on her motion for sanctions against Appellee Marty Marsh. The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 10, 2006, Appellee Marsh filed a petition for a civil stalking protection order (CSPO) against Appellant Deems, who is the ex-spouse of Appellee's husband. On the same day, the trial court, via a magistrate's order, declined to issue an ex parte protection order. However, the petition was set for an evidentiary hearing on January 23, 2006, which was thereafter continued to March 17, 2006.
 {¶ 3} On March 17, 2006, the parties and their respective counsel appeared for the hearing. After some settlement discussions, appellee withdrew her petition. On March 24, 2006, a judgment entry of dismissal was filed.
 {¶ 4} On April 24, 2006, appellant filed a motion under R.C2323.51(B)(1) for sanctions for frivolous conduct by appellee. Appellant ultimately sought $5,872.36 for fees and expenses in defending against the withdrawn CSPO petition.
 {¶ 5} On January 7, 2007, following a hearing on December 15, 2006, the magistrate issued her decision. Although finding that appellant had expended $5,872.36 in attorney fees and expenses, the magistrate awarded appellant the sum of $1,114.28 as sanctions for appellee's conduct in filing the petition.
 {¶ 6} On March 2, 2007, after successfully obtaining time extensions for the purposes of obtaining a transcript, appellant filed an objection to the magistrate's decision. Appellee did not file any responsive pleadings. *Page 3 
 {¶ 7} On August 14, 2007, the trial court issued a judgment entry captioned "Order on Magistrate's Decision on Attorney Fees." The court therein found that appellant's counsel's hourly rate of $250.00 was "excessive and not reasonable" for practicing in Richland County. Judgment Entry at 2. The court further found that appellant had failed to provide an itemized billing statement in support of the attorney fees requested.[1] Id. at 3. The court then granted judgment in favor of appellant for $2,080.78, consisting of $1,050.00 in attorney fees, $916.50 for paralegal billing, and $114.28 in expenses.
 {¶ 8} On August 22, 2007, appellant filed a request for findings of fact and conclusions of law, citing Civ.R. 52. On September 11, 2007, the trial court overruled the request for findings of fact and conclusions of law.
 {¶ 9} On October 11, 2007, appellant filed a notice of appeal. She herein raises the following four Assignments of Error:
 {¶ 10} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION REGARDING THE AMOUNT OF THE ATTORNEY'S FEES AND EXPENSES WHICH WERE AWARDED TO THE APPELLANT.
 {¶ 11} "II. THE TRIAL COURT ERRED BY ENGAGING IN EX PARTE
COMMUNICATIONS WITH `LOCAL DOMESTIC RELATIONS COUNSEL' AND IN RELYING UPON WHAT THEY APPARENTLY TOLD THE COURT TO ESTABLISH AN ARBITRARY `REASONABLE' HOURLY RATE WHICH IT ALLOWED FOR ONLY A FRACTION OF APPELLANT'S ACTUAL FEES. *Page 4 
 {¶ 12} "III. THE TRIAL COURT'S JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 13} "IV. THE TRIAL COURT ERRED BY REFUSING TO PROVIDE FINDINGS OF FACT AND CONCLUSIONS OF LAW."
 I., II., III., IV. {¶ 14} In her four Assignments of Error, appellant raises various challenges to the trial court's ruling on her request for attorney fees under R.C. 2323.51.
 {¶ 15} As an initial matter, we must address the timeliness of appellant's appeal, which focuses solely on the attorney fee issue.
 {¶ 16} The filing of a timely notice of appeal is a prerequisite to establishing jurisdiction in a court of appeals. The failure to file a timely notice of appeal is a jurisdictional requirement that cannot be ignored. State v. Alexander, Franklin App. Nos. 05AP-129, 05AP-245,2005-Ohio-5997, ¶ 17.
 {¶ 17} App.R. 4(A) states: "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 18} App.R. 4(B)(2) states: "In a civil case * * * if a party files a timely motion for * * * findings of fact and conclusions of law under Civ.R. 52, the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered." *Page 5 
 {¶ 19} Civ.R. 52 specifically applies when questions of fact are tried by the court without a jury. Northern Ohio Sewer Contrs. v. Bradley Dev.Co., 159 Ohio App.3d 794, 825 N.E.2d 650, 2005-Ohio-1014, ¶ 22. However, Civ.R. 52 further states, in pertinent part, that "[findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56." Ohio courts have concluded that "when Civ.R. 52 does not require the court to issue findings of fact and conclusions of law, the court has no duty to issue them and the time for filing a notice of appeal is not tolled." See Hamad v. Hamad, Franklin App. No. 06AP-516, 2007-Ohio-2239, ¶ 22, quoting Savage v. Cody-Zeigler,Inc., Athens App. No. 06CA5, 2006-Ohio-2760, ¶ 14. There is no authority in Ohio law for extending Civ.R. 52 to apply to R.C. 2323.51 motions, and a trial court is not required to issue findings of fact and conclusions of law with its denial of a motion for sanctions for frivolous conduct. See Clemens v. Detail At Retail, Inc., Cuyahoga App. Nos. 85681 and 86252, 2006-Ohio-695, ¶ 17.
 {¶ 20} In the case sub judice, the magistrate originally issued a nine-page decision addressing appellant's motion for sanctions/attorney fees. Upon reviewing appellant's objection, the trial court issued a three-page decision awarding attorney fees on August 14, 2007. Under these circumstances, and in light of the aforecited case law, we hold appellant's time frame for filing a notice of appeal from the August 14, 2007 judgment entry was not tolled by her request for findings of fact and conclusions of law, as the court had no duty to issue them under Civ.R. 52. The notice of appeal of October 11, 2007 is therefore untimely. *Page 6 
 {¶ 21} Accordingly, we find this Court lacks jurisdiction to address the merits of appellant's Assignments of Error.
 {¶ 22} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Domestic Relations Division, Richland County, Ohio, is dismissed.
[1] The record before us reveals appellant and her counsel did actually provide such a billing statement.
 By: Wise, J., Gwin, J., Hoffman, P. J., concurs separately. *Page 7