[Cite as *Cleveland v. Cleveland Police Patrolmen's Assn.*, 2016-Ohio-2635.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103456**

## CITY OF CLEVELAND

PLAINTIFF-APPELLANT

vs.

## CLEVELAND POLICE PATROLMEN'S ASSOCIATION

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-837508

**BEFORE:** Laster Mays, J., Stewart, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 21, 2016

**ATTORNEYS FOR APPELLANT**

Barbara A. Langhenry
Director of Law

By:   Susan M. Bungard
Assistant Director of Law
Cleveland City Hall, Room 106
601 Lakeside Avenue
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Marisa Serrat
R. Brian Moriarty
Illuminating Building, Suite 2100
55 Public Square
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

## I.  Statement of the Case and Procedural Posture

{¶1}  Plaintiff-appellant the city of Cleveland ("City") appeals the common pleas court decision to deny the City's application to vacate the arbitration award and grant the defendant-appellee Cleveland Police Patrolmen's Association's ("CPPA") motion to confirm.  We affirm the trial court's decision.

{¶2} Shani Hannah ("Hannah") is a Cleveland patrol officer and a member of the CPPA.  Hannah was involved in an incident on March 11, 2012, that caused her employment to be terminated on May 22, 2013.  After her termination, the matter went before an arbitrator who reinstated Hannah to her job as patrol officer.  The City filed a motion to vacate the reinstatement.  The court denied the City's application.  As a result, the City has filed this timely appeal.

## II.  Facts

{¶3} For two years prior to March 11, 2012, Hannah was romantically involved with Darnell Richardson ("Richardson"), who had a criminal history and convictions for drug possession, sexual battery, attempted kidnapping, gross sexual imposition, forgery, robbery, trafficking cocaine, and passing bad checks.  Richardson lived with Hannah and her two children for the last year of their relationship.  According to Hannah, he was

abusive, both physically and verbally. As a result of the abuse and her grandmother dying, Hannah began excessively drinking alcohol.

{¶4} Two months prior to March 11, 2012, Hannah became so intoxicated that in a drunken rage, she drove home with her children in the car and started a fight with Richardson. She was so loud that the apartment security guard called the Cleveland Police Department ("CPD"). When CPD arrived, Hannah threatened to commit suicide by "eating her gun." CPD transported her to St. Vincent Charity Medical Center for a psychiatric evaluation and a chance to detoxify, where she stayed for three days. It was recommended that Hannah get grief counseling and alcohol treatment. She attended grief counseling, but continued drinking in excess. As a result of this incident, Hannah was placed on temporary leave from CPD.

{¶5} On March 11, 2012, Richardson called 911 and reported that Hannah had stabbed him several times with a knife and fled the scene. CPD found her in her vehicle with a cord wrapped around her neck that was attached to the ceiling of the vehicle. CPD officers smashed the vehicle window to rescue her and discovered that she was severely intoxicated. She was arrested and charged with felonious assault, a second-degree felony. The Cuyahoga County prosecutor's office reduced the charge from felonious assault to first-degree misdemeanor assault. She was sentenced to county jail for six months, which was suspended. She was also required to serve 12 months probation, perform 25 hours of community service, submit to random drug testing, and

successfully complete an anger-management program. As a result, Hannah's employment was terminated on May 22, 2013, following a disciplinary hearing.

{¶6} The CPPA followed the grievance procedures, and the matter went to arbitration. The arbitrator determined that there was not just cause for Hannah's termination and ordered her to be reinstated as an officer. The City filed its application to vacate or modify the arbitrator's award with the Cuyahoga County Court of Common Pleas. The court denied the City's application and confirmed Hannah's arbitration award pursuant to R.C. 2711.09. The City has filed this timely appeal and assigns one assignment of error for our review with three subparts.

> I. The trial court erred to the prejudice of the City by denying the City's motion to vacate the arbitration award and by granting the union's motion to confirm.
>
> A. The trial court erred when it did not vacate the arbitrator's award because such award is against well-established Ohio public policy.
>
> B. The trial court erred when it did not vacate the arbitrator's award after the arbitrator exceeded his authority by requiring that the City use a progressive discipline policy in this case because the grievant had a commendable and lengthy record of service.
>
> C. The trial court erred when it did not vacate the arbitrator's award after the arbitrator did not make a final and definite award in this matter.

## III. Law and Analysis

### A. Standard of Review

{¶7} "A reviewing court's role in evaluating an arbitration award is limited to determining whether the award is unlawful, arbitrary, or capricious and whether it draws its essence from the collective bargaining agreement." *Internatl. Assn. of Firefighters, Local 67 v. Columbus*, 95 Ohio St.3d 101, 102, 2002-Ohio-1936, 766 N.E.2d 139. "For an award to draw its essence from the CBA, there must be a rational nexus between the agreement and the award." *Id*.

{¶8} "The arbitrator is confined to the interpretation and application of the collective bargaining agreement, and although he may construe ambiguous contract language, he is without authority to disregard or modify plain and unambiguous provisions." *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emps. Assn., Local 11, AFSCME*, 59 Ohio St.3d 177, 180, 572 N.E.2d 71 (1991). "Accordingly, it is the appellate court's duty to determine whether the arbitrator's award was reached in a rational manner from the collective bargaining agreement." *Id.* "An arbitrator departs from the essence of a collective bargaining agreement when an award conflicts with express terms of the collective bargaining agreement, or an award is without rational support or cannot be rationally derived from the terms of the agreement." *Id*.

**B.    Discussion**

**{¶9}** In the City's assignment of error, it argues that the trial court erred to the prejudice of the City by denying the City's motion to vacate the arbitration award and by granting the union's motion to confirm.    The decision of the trial court to deny the City's motion to vacate is governed by R.C. 2711.10, which states:

> In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
>
> (A)    The award was procured by corruption, fraud, or undue means.
>
> (B) Evident partiality or corruption on the part of the arbitrators, or any of them.
>
> (C)    The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
>
> (D)    The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators.    The City has to show that at least one of the four standards in R.C. 2711.10 applies in this case.    It has not.

**{¶10}** The City contends that the trial court erred when it did not vacate the arbitrator's award because such award is against well-established Ohio public policy. "Arbitration is a matter of contract."    *Devito v. Autos Direct Online, Inc.*,

A court may refuse to enforce a contract when it violates public policy. Unlike the unconscionability analysis, public policy analysis requires the court to consider the impact of such arrangements upon society as a whole. A contract injurious to the interests of the state will not be enforced. Public policy is the community common sense and common conscience, extended and applied throughout the state to matters of public morals, health, safety, welfare, and the like. Public policy is that principle of law which holds that no one can lawfully do that which has a tendency to be injurious to the public or against the public good. Accordingly, contracts which bring about results which the law seeks to prevent are unenforceable as against public policy. Moreover, actual injury is never required to be shown; it is the tendency to the prejudice of the public's good which vitiates contractual relations.

*Id*. at ¶ 37.

If an arbitrator's interpretation of a collective bargaining agreement violates public policy, the resulting award is unenforceable. But vacating an arbitration award pursuant to public policy is "a narrow exception to the 'hands off' policy that courts employ in reviewing arbitration awards and 'does not otherwise sanction a broad judicial power to set aside arbitration awards as against public policy.'" "Therefore, the public policy must be well-defined and dominant, and is to be ascertained 'by reference to the laws and legal precedents and not from general considerations of supposed public interests.'"

*N. Royalton v. Urich*, 8th Dist. Cuyahoga No. 99276, 2013-Ohio-2206, ¶ 31.

{¶11} The City did not state a public policy argument that is well-defined, dominant, or able to be ascertained by reference to the laws and legal precedents. During the arbitration, the attorney for the CPPA demonstrated that there were other officers disciplined for either comparable conduct or far more egregious conduct than Hannah, and were able to keep their jobs. He argued that her termination was excessive and was inconsistent with the past discipline imposed by the City. In his decision, the

arbitrator stated, "the termination of Hannah is disproportional to discipline imposed on other officers for the same or more severe conduct. Officer Hannah's discharge for her actions is contrary to past discipline imposed by the City of Cleveland." *Id. Cleveland v. Cleveland Police Patrolmen's Assn.*, No. 53-390-00324-13, p. 32 (Sept. 30, 2014) (American Arbitration Association Arbs.). "It is very important to fairly and consistently impose discipline in these cases to promote equal and nondiscriminatory treatment in the workplace." *Id.*

{¶12} The City's argument that R.C. 2711.10(D) governs is incorrect. This section does not refer to a decision made in direct opposition to public policy considerations. R.C. 2711.10(D) states that the arbitration award can be vacated if the "arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." That is not the case here. The arbitrator acted within his discretion, and the City did not effectively argue how his decision is in conflict with public policy. The City only argues that the public should be able to have the confidence in police officers and that officers should hold themselves to the highest ethical standard. However, there are many cases where police officers have not held themselves to such a high standard, and yet they were not terminated from their jobs. Therefore, the first subpart of the City's assignment of error is overruled.

{¶13} In the City's second subpart of their assignment of error, it argues that the trial court erred when it did not vacate the arbitrator's award after the arbitrator exceeded

his authority by requiring that the City use a progressive discipline policy in this case because Hannah had a commendable and lengthy record of service. "Arbitration awards are presumed valid, and an appellate court may not substitute its interpretation of a contract provisions for that of an arbitrator chosen by the parties." *N. Ohio Sewer Contrs., Inc. v. Bradley Dev. Co.*, 159 Ohio App.3d 794, 2005-Ohio-1014, 825 N.E.2d 650, ¶ 35 (8th Dist.). "An appellate court is limited to ascertaining whether fraud, corruption, misconduct, arbitration impropriety, or evident mistake made the award unjust or unconscionable." *Id.* "Where the parties have agreed to submit their disputes to binding arbitration, they have bargained for the arbitrator's determination concerning the issue submitted and agree to accept the result, regardless of its legal or factual accuracy."

*Id.* The City has not presented any evidence that there is fraud, corruption, misconduct, impropriety, or mistake in the arbitrator's decision. Regardless of whether they disagree with the arbitrator, the City agreed to accept the result even if it believes it is unjust.

{¶14} In this case, the arbitrator did not exceed his authority but rather explained his decision. He stated, "the City is unable to distinguish Hannah's actions from those of other officers who committed the same or worse actions and were permitted to keep their positions, most specifically male officers charged with domestic violence." *Cleveland v. Cleveland Police Patrolmen's Assn.*, No. 53-390-00324-13, p. 47 (Sept. 30, 2014) (American Arbitration Association Arbs.). The arbitrator found that Hannah's termination was unreasonable and inconsistent with the City's past disciplinary procedures, especially in light of her unblemished record. The arbitrator did not state

that the City should not have terminated Hannah because of her commendable and lengthy service, but rather because the City was not consistent with how it made termination decisions. The arbitrator found Hannah's termination suspect and without just cause. Therefore, the second subpart of the City's assignment of error is overruled.

{¶15} In the City's third subpart of their assignment of error, it claimed that trial court erred when it did not vacate the arbitrator's award after the arbitrator did not make a final and definite award in this matter.

> Arbitrators have "broad authority to fashion a remedy, even if the remedy contemplated is not explicitly mentioned" in the applicable contract. Notwithstanding these principles, under R.C. 2711.10(D) arbitrators can exceed their powers by going beyond the authority provided by the bargained-for agreement or by going beyond their contractual authority to craft a remedy under the law. Arbitrators act within their authority to craft an award so long as the award "draws its essence" from the contract — that is, "when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." So long as there is a good-faith argument that an arbitrator's award is authorized by the contract that provides the arbitrator's authority, the award is within the arbitrator's power, but an award "departs from the essence of a [contract] when: (1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally

derived from the terms of the agreement." It is well settled that "'an arbitrator is confined to interpretation and application of the [contract]; he does not sit to dispense his own brand of industrial justice.'"

*Cedar Fair, L.P. v. Falfas*, 140 Ohio St.3d 447, 2014-Ohio-3943, 19 N.E.3d 893, ¶ 13.

**{¶16}** The arbitrator decided that Hannah "is to be offered reinstatement to her former position as a patrol officer for the City's Division of Police." *Cleveland v. Cleveland Police Patrolmen's Assn.*, No. 53-390-00324-13, p. 55 (Sept. 30, 2014) (American Arbitration Association Arbs.). In addition, he decided "for the next two years Hannah shall contact the Employee Assistant Unit at least once each month for counsel concerning her professional and personal life and follow any guidance or referrals the personnel in the Unit prescribe." *Id.* "For the next two years, Hannah shall make herself available for a reasonable number of drug and alcohol tests and she shall also attend at least two AA meetings each calendar month and document same to the Employee Assistance Unit." *Id.* "Finally, should Hannah fail to remain abstinent with respect to alcohol or drugs at any time, on or off duty, within the next two years, she shall be subject to discipline up to and including discharge." *Id.* The City argues that this decision by the arbitrator is not definite because there is no recommendation for counseling unless prescribed by the Employee Assistant Unit and because he did not define abstinent. We disagree. The award is clear and definite. The arbitrator decided that the Employee Assistant Unit must decide if Hannah needs additional counseling. Also the arbitrator need not define abstinence. It clearly means to refrain

from doing something. Therefore, the third subpart of the City's assignment of error is overruled.

**{¶17}** The judgment of the trial court is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, J., CONCURS;
MELODY J. STEWART, P.J., CONCURS IN JUDGMENT ONLY