JOURNAL ENTRY AND OPINION
{¶ 1} Ned and Catherine Wasserstein ("the Wassersteins") appeal the decision of the Common Pleas Court confirming an arbitration award in favor of Carl F. Schaney ("Schaney"). The Wassersteins argue that the decision reached by the panel of arbitrators is a legal impossibility and, therefore, the trial court erred in not vacating the report and award of the arbitrators. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} The Wassersteins contracted with Schaney to purchase an apartment building he owned. The Wassersteins alleged that they entered into the contract with Schaney to complete a tax-free exchange under section 1031 of the Internal Revenue Code. Section 1031 allows the indefinite deferral of capital gains tax from the sale of investment property if the proceeds of the sale are used within a specified time period to purchase another investment property of greater or equal value. Resource Realty Exchange Corporation acted as trustee of the proceeds of the Wassersteins' prior sale of property until they could close on their proposed like-kind exchange with Schaney.
 {¶ 3} The purchase agreement provided a thirty-day contingency period, during which the Wassersteins could conduct various inspections of the property. If the Wassersteins were not satisfied with the results, they could terminate the contract by written notice during the contingency period without penalty. The purchase agreement also provided that the Wassersteins would sign a note for $10,000, which would be given to Schaney if they backed out of the deal after the contingency period. Finally, the purchase agreement reflected the tax-free sales exchange contemplated by the Wassersteins.
 {¶ 4} The parties signed the real estate contract, which provided for the termination of the contingency period on July 28, 2002, and a closing date of September 28, 2002. The parties did not close by that date, and as of the time of this appeal, the real estate deal remains unfinished. As a result, the time period for the Wassersteins' 1031 exchange expired, requiring the couple to pay $89,967.06 in capital gains tax.
 {¶ 5} The Wassersteins filed suit against Schaney alleging breach of contract and seeking damages suffered as a result of the failed closing of the real estate contract. In response, Schaney filed a counterclaim alleging that the Wassersteins breached the contract and, therefore, he was entitled to the $10,000 provided for in the contract if the Wassersteins backed out of the transaction after the contingency period.
 {¶ 6} During the course of litigation, the trial court, upon the agreement of both parties, referred the case to binding arbitration. On August 4, 2004, the panel of arbitrators heard the matter and on December 15, 2004, the panel filed its decision with the trial court. The arbitrators awarded the Wassersteins actual damages in the amount of $3,900 and awarded Schaney $10,000. Schaney then filed a motion and application to confirm and enforce the arbitration award. In response, the Wassersteins filed a brief in opposition to the motion to confirm and a motion to vacate the report and award of the arbitrators. The trial court entered judgment on the arbitrators' award without modification.
 {¶ 7} The Wassersteins filed this accelerated appeal, raising a single assignment of error:
 {¶ 8} "The trial court erred in not vacating the report and award of arbitrators pursuant to Ohio Revised Code 2711.10 and confirming the award and report." We disagree.
 {¶ 9} It is well settled that judicial review of arbitration awards is narrowly circumscribed by R.C. 2711.10 and R.C.2711.11. Huber Hts. v. Fraternal Order of Police (1991),73 Ohio App.3d 68; Goodyear Tire Rubber Co. v. Local Union No.200 (1975), 42 Ohio St.2d 516, at paragraph two of the syllabus.
 {¶ 10} R.C. 2711.10 articulates the limited situations under which an arbitration award may be vacated. That statutory section provides as follows:
"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
(A) The award was procured by corruption, fraud, or undue means.
(B) Evident partiality or corruption on the part of the arbitrators, or any of them.
(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
 {¶ 11} R.C. 2711.11 codifies the narrow conditions in which an arbitration award may be judicially modified. That statutory section provides as follows:
"In any of the following cases, the court of common pleas in the county wherein an award was made in an arbitration proceeding shall make an order modifying or correcting the award upon the application of any party to the arbitration if:
(A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
(B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;
(C) The award is imperfect in matter of form not affecting the merits of the controversy."
 {¶ 12} A reading of the statute clearly demonstrates that a common pleas court is precluded from examining the actual merits upon which the arbitrators based their award. See, Motor WheelCorp. v. Goodyear Tire Rubber Co. (1994), 98 Ohio App.3d 45,51.
 {¶ 13} While R.C. 2711.10 and R.C. 2711.11 pertain to the review of an arbitration award by the court of common pleas, we have previously explained that the court of appeals undertakes the same limited review as the trial court. See, Northern OhioSewer Contractors, Inc. v. Bradley Dev. Co., Inc.,159 Ohio App.3d 794, 2005-Ohio-1014, at ¶ 17; Cleveland v. FraternalOrder of Police, Lodge No. 8 (1991), 76 Ohio App.3d 755, 758.
 {¶ 14} The statutorily limited scope of judicial review makes it clear that an arbitrator's award is presumed valid. FindlayCity School Dist. Bd. of Edn. v. Findlay Edn. Assn. (1990),49 Ohio St.3d 129, paragraph one of the syllabus. This presumption may only be overcome by a showing of fraud, corruption, material mistake, or clear evidence that the arbitrator exceeded his authority. Sparks v. Barnett (1992), 78 Ohio App.3d 448, 449. Accordingly, any other substantive merits of the arbitration award cannot be addressed on appeal. Id. at 449. "The overriding policy reason for this limited form of review is founded upon the principle that when parties voluntarily agree to submit their dispute to binding arbitration, they agree to accept the result regardless of its legal or factual accuracy." Ford Hull-MarNursing Home, Inc. v. Marr Knapp Crawfis Assoc., Inc. (2000),138 Ohio App.3d 174, 179. See, also, Cleveland v. FraternalOrder of Police, Lodge 8 (1991), 76 Ohio App.3d 755; andGoodyear v. Local Union No. 200 (1975), 42 Ohio St.2d 516.
 {¶ 15} Having set forth the scope of this Court's review, we find that the Wassersteins have failed to allege any statutorily permissible grounds for this Court to vacate or modify the arbitration award.
 {¶ 16} In their brief, the Wassersteins argue that the decision of the arbitration panel is a legal impossibility and, therefore, it must be vacated under R.C. 2711.10. To support their argument, the Wassersteins argue that R.C. 2711.10(D) applies to their case. Specifically, they argue that the arbitration panel's decision was "so imperfectly executed that a mutual, final, and definite award upon the subject matter submitted was not made." We disagree.
 {¶ 17} The portion of R.C. 2711.10(D), as quoted by the Wassersteins, applies only when the award rendered by the arbitration panel is so imperfect that there was no award on the subject matter presented before the panel. Ohio Council 8,American Federation of State, County and Municipal Employees,AFL-CIO, et al. v. Central State University, et al. (1984),16 Ohio App.3d 84, 86. The test established in Ohio Council 8,
supra, is whether the decision rendered by the panel was complete and final on the subject matter submitted. Id. at 88.
 {¶ 18} In the case at bar, the Wassersteins do not allege that the arbitration panel did not decide all the issues presented before it. They merely disagree with the decision rendered by the panel, alleging that it is a legal impossibility. As this court explained above, we are not permitted to address the merits of the arbitration proceeding. Motor Wheel Corp v.Goodyear Tire Rubber Co. (1994), 98 Ohio App.3d 45. We are confined to addressing the decision of the trial court that confirmed the arbitration award. Unless the Wassersteins identify grounds under R.C. 2711.10 that will allow us to vacate the arbitration award, the decision must stand. Morever, this Court finds that the arbitration panel did hear and decide all the issues relevant to this case. Therefore, the Wassersteins did not provide this court with a lawful basis for vacating the arbitration award.
 {¶ 19} The Wassersteins further allege that this court has the power to vacate the arbitration award if the decision rendered by the panel is contrary to law. In support of this contention, the Wassersteins cite to the cases of Lake CountyBoard of Mental Retardation Developmental Disabilities, et al.v. Professional Association for the Teaching of the MentallyRetarded, et al. (1994), 71 Ohio St.3d 15, 1994-Ohio-87, andUniversal Underwriters Insurance Co. v. Schuff, et al. (1981),67 Ohio St.2d 172.
 {¶ 20} We find the Wassersteins' argument unpersuasive. The Wassersteins cite to the following phrase in the concurring opinion in Lake County, "It is well settled in Ohio that a reviewing court may vacate an arbitration award that is contrary to law." Id. at 19. The concurring justice did not provide any authority for the proposition cited above and, furthermore, a concurring opinion is by no means binding authority. State v.Jenkins (March 14, 2000), Harrison App. No. 98-502CA, 2000 Ohio App. LEXIS 1094. The second case cited by the Wassersteins is also not applicable to the facts in the instant case. The Wassersteins cite Universal Underwriters Insurance Co. (1981),67 Ohio St.2d at 174, as holding, "a court may, however, vacate an arbitration result when the arbitrators rule contrary to law." The facts in Universal are distinguishable from the present case because Universal did not involve a case of binding arbitration, nor did it involve an issue of appellate review of an arbitration award.
 {¶ 21} We find that the trial court did not err in confirming the award rendered by the arbitration panel. Accordingly, the Wassersteins' sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., And McMonagle, J. Concur.