[Cite as *Cleveland v. Cleveland Assoc. of Rescue Emps.*, 2011-Ohio-4263.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96325**

## CITY OF CLEVELAND

PLAINTIFF-APPELLANT

vs.

## CLEVELAND ASSOC. OF RESCUE EMPLOYEES

DEFENDANT-APPELLEE

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-729354

**BEFORE:** Sweeney, J., Stewart, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** August 25, 2011

**ATTORNEYS FOR APPELLANT**

Robert J. Triozzi, Esq.
Director of Law
L. Stewart Hastings, Esq.
Chief Assistant Director of Law
Kevin J. Gibbons, Esq.
Asst. Director of Law
601 Lakeside Ave., Room 106
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEE**

Ryan J. Lemmerbrock, Esq.
Carrie L. Lewine, Esq.
Muskovitz & Lemmerbroch, L.L.C.
820 West Superior Avenue, Suite 800
Cleveland, Ohio   44113

JAMES J. SWEENEY, J.:

{¶ 1} Plaintiff-appellant the City of Cleveland ("the City") appeals the court's order confirming and enforcing an arbitration award in favor of the Cleveland Association of Rescue Employees ("the Union") in this wrongful discharge from employment case.   After reviewing the facts of the case and pertinent law, we affirm.

{¶ 2} Glenn Burks was a member of the Union and worked as a paramedic for the City.   Burks's employment was subject to the terms of a collective bargaining agreement ("the CBA").   In October of 2008, the City placed Burks on administrative leave, pending an

investigation of two complaints alleging improper physical contact with patients under Burks's care. Subsequently, Burks was charged in a criminal indictment with various felony sex offenses. On May 13, 2009, a jury acquitted Burks of all charges. On June 1, 2009, after a hearing, the City terminated Burks's employment.

{¶ 3} The Union, on behalf of Burks, filed a grievance appealing the termination. A three-day arbitration hearing was held to resolve the following issues: "Whether there was just cause to discharge paramedic Glenn Burks under the collective bargaining agreement? If not, what shall the remedy be?"

{¶ 4} On June 2, 2010, the arbitrator found in favor of the Union, reinstated Burks to his former position, awarded Burks back pay, and reduced the disciplinary action to a 30-day suspension without pay. The City filed an action in court to vacate the arbitration award, arguing that the arbitrator's use of a "clear and convincing evidence" standard was unauthorized under the CBA. On December 27, 2010, the court found that the arbitrator acted within his authority and upheld the arbitration award.

{¶ 5} The City appeals and raises three assignments of error, the first two of which will be addressed together.

{¶ 6} "I. The common pleas court committed reversible error in denying the City's motion to vacate or modify the arbitrator's award in that the arbitrator's use of a 'clear and

convincing' evidence standard was arbitrary and lead to an award that is unjust, inequitable and unconscionable."

{¶ 7} "II.   The trial court erred in not holding that as a matter of law no reasonable arbitrator, using a preponderance standard, could come to any conclusion other than that Glen Burks committed violation of City Policy."

{¶ 8}   Judicial review of arbitration awards is narrowly governed by R.C. 2711.10, which states in pertinent part that a court shall vacate an arbitration award if "* * * (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

{¶ 9}   The Ohio Supreme Court has held that "a reviewing court is limited to determining whether the award draws its essence from the CBA and whether the award is unlawful, arbitrary, or capricious.   'An arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award * * *.'" *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. City of Cleveland*, 99 Ohio St.3d 476, 2003-Ohio-4278, 793 N.E.2d 484, ¶13 (internal citations omitted.)

{¶ 10} An arbitrator's authority is confined to interpreting and applying a collective bargaining agreement.   See *Board of Trustees of Miami Twp. v. Fraternal Order of Police* (1998), 81 Ohio St.3d 269, 690 N.E.2d 1262 (holding that, generally, if an arbitration

"decision is based on the language and requirements of the collective bargaining agreement itself, * * * the arbitrator has not exceeded his powers"). R.C. 2711.10 "clearly demonstrates that a common pleas court is precluded from examining the actual merits upon which the arbitrators based their award." *Resource Realty Exchange Corp. v. Schaney,* Cuyahoga App. No. 85972, 2005-Ohio-4131, ¶12.

{¶ 11} If an arbitration award was "subject to reversal because a reviewing court disagreed with findings of fact or with an interpretation of the contract, arbitration would become only an added proceeding and expense prior to final judicial determination." *Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum and Plastic Workers of America* (1975), 42 Ohio St.2d 516, 520, 330 N.E.2d 703.

{¶ 12} In the instant case, the arbitration award included analysis of the City's burden of proof regarding whether it had just cause to discharge Burks. The arbitrator cited to a provision in the CBA,[1] which states that "a challenge to the legitimacy of the administrative suspension * * * in those cases where an employee has been found not guilty of the offense by a judge or jury" is subject to a preponderance of the evidence burden of proof. The arbitrator found that this provision was not applicable to Burks's case, however, because Burks was

---

[1] A copy of the CBA is not part of the record on appeal. Our review is limited to the provision cited by arbitrator.

"found not guilty after a criminal jury trial and then *discharged*, rather than administratively suspended * * *."   (Emphasis in original.)

{¶ 13} Rather, the arbitrator found that under the terms of the CBA, the City was required to prove that Burks committed the violations charged by clear and convincing evidence.   The arbitrator reasoned that this heightened standard of proof was required because Burks was "charged with conduct which is criminal in nature or constitutes acts of moral turpitude."

{¶ 14} The arbitrator concluded "that the City has failed to prove by clear and convincing evidence that [Burks] violated the EMS Manual and Rules and Regulations with respect to the central and most serious charge: that he sexually assaulted" two patients in his care.   The arbitrator found no just cause to discharge Burks and reinstated his employment. The arbitrator also concluded that Burks violated certain patient care policies, warranting a 30-day suspension without pay.

{¶ 15} Upon review, we find that the arbitrator's decision draws its essence from the CBA.   In interpreting the CBA, the arbitrator concluded that the reference to "preponderance of evidence" was not applicable to the case at hand.   The arbitrator reasoned that a clear and convincing evidence standard should be used, in light of the allegations' criminal nature.   In enforcing this arbitration award, the court stated that the "language found in the [CBA]

supports the Arbitrator's decision and this court cannot substitute its interpretation or judgment for that of the arbitrator where the award appears to be neither arbitrary nor capricious."

{¶ 16} In *Piqua v. Fraternal Order of Police*, 185 Ohio App.3d 496, 2009-Ohio-6591, 924 N.E.2d 876, the Second District Court of Appeals of Ohio upheld an arbitration award using reasoning similar to the rationale applied here. The *Piqua* court rejected the argument that the arbitrator exceeded his powers by using the heightened standard of clear and convincing evidence regarding "just cause" for disciplining a union employee, where the collective bargaining agreement was silent on the "quantum of proof." Id. at ¶ 30. "[W]hen the subject matter of a dispute is arbitrable, 'procedural' questions which grow out of the dispute and bear on its final disposition are to be left to the arbitrator." Id. at ¶33, quoting *United Paperworkers Internatl. Union v. Misco, Inc.* (1987), 484 U.S. 29, 40, 108 S.Ct. 364, 98 L.Ed.2d 286.

{¶ 17} Accordingly, we find that the arbitrator acted within his authority in applying a clear and convincing evidence standard to sustain the Union's grievance regarding Burks's termination.

{¶ 18} The City further argues that the arbitrator's decision "has [led] to a result that is unconscionable." The essence of this argument is that "significant evidence * * * demonstrates that Burks sexually assault two unrelated patients." It is well-settled that an appeal alleging an arbitrator's decision was against the manifest weight of the evidence is

unauthorized under law. *Russo v. Chittick* (1988), 48 Ohio App.3d 101, 105, 548 N.E.2d 314. Accordingly, we are precluded from reaching the merits of this argument.

{¶ 19} The City's first two assignments of error are overruled.

{¶ 20} "III. The common pleas court committed reversible error in failing to hold that the arbitrator's award is contrary to pubic policy."

{¶ 21} In addition to the reasons stated in R.C. 2711.10, a court may vacate an arbitration award when it "is contrary to the well-defined and dominant public policy of Ohio or the United States." *Cleveland Bd. of Edn. v. Intl. Bhd. of Firemen & Oilers Local, 701* (1997), 120 Ohio App.3d 63, 69, 696 N.E.2d 658. However, the United States Supreme Court has cautioned "that a court's refusal to enforce an arbitrator's interpretation of such contracts is limited to situations where the contract as interpreted would violate 'some explicit public policy' * * *." *Misco* at 43.

{¶ 22} The City argues that the instant case is not a "garden-variety termination that only affected [Burks] and [the City], * * * but potentially every patient that [Burks] comes into contact with." The City argues the public policy of "prohibiting medical providers from having sexual contact with patients" is violated "by putting Burks in a position of patient care when there is significant evidence that he committed the acts alleged."

{¶ 23} Although we recognize the importance of the public policy identified, this argument is not well-taken, as the arbitrator found insufficient evidence that Burks committed the alleged acts, and we are prohibited from re-examining the merits of this case.

{¶ 24} This court affirmed vacating an arbitration award reinstating a union employee as being against public policy in *Firemen & Oilers*, 120 Ohio App.3d 63. The *Firemen & Oilers* court found that the arbitrator's decision undermined the public policy of "zero tolerance" of illegal drug use by transportation employees because the arbitrator found undisputed evidence that the employee tested positive for cocaine in a random drug screening. Id. at 75-76. See, also *Newsday, Inc. v. Long Island Typographical Union*, No. 915, CWA, AFL-CIO (C.A.2, 1990), 915 F.2d 840, 843-845 (holding that the arbitrator's "award of reinstatement completely disregarded the public policy against sexual harassment in the work place," when, in the same decision, the arbitrator found "no doubt" that the employee inappropriately touched female co-workers).

{¶ 25} The instant case is distinguishable because there is no finding that Burks had sexual contact with patients under his care. Quite the opposite — the arbitrator found that the City failed to prove the sexual assault allegation. Thus, we cannot say that the arbitration award reinstating Burks to his position as a paramedic is contrary to public policy. The City's third and final assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

MELODY J. STEWART, P.J., CONCURS;
FRANK D. CELEBREZZE, JR., J., CONCURS IN JUDGMENT ONLY