[Cite as *Mears Harding L.L.C. v. Ferri*, 2012-Ohio-2878.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| MEARS HARDING LLC | : | JUDGES: |
|  | : | Patricia A. Delaney, P.J. |
|  | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2011CA00253 |
|  | : |  |
|  | : |  |
| EZIO FERRI | : | O P I N I O N |
|  | : |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:        Civil Appeal from Stark County
                                Court of Common Pleas Case No.
                                2010CV3804

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         June 25, 2012

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

FREDERICK LOMBARDO                      MATTHEW C. GIANNINI
Buckingham, Doolittle & Burroughs, LLP  1040 S. Commons Place Ste. 200
3800 Embassy Parkway – Ste. 300         Youngstown, Ohio  44514
Akron, Ohio  44333

*Edwards, J.*

{¶1} Appellant, Ezio Ferri, appeals a judgment of the Stark County Common Pleas Court confirming an arbitration award in favor of appellee Mears Harding, LLC.

STATEMENT OF FACTS AND CASE

{¶2} Appellee owned commercial property located at 4478 Boardman Canfield Road in Canfield, Ohio. Kiko Agency conducted an absolute auction of the property on March 3, 2010. Appellant was the successful bidder. The parties entered into a purchase agreement the same day for the total purchase price of $863,500.00. The agreement required appellant to deposit $86,350.00 immediately and to close the sale on or before April 19, 2010. The completed sale would have resulted in net proceeds to appellee in the amount of $266,301.22.

{¶3} Appellant paid the $86,350.00 deposit on March 3, 2010, per the agreement. However, the check was returned from his bank for insufficient funds on March 10, 2010. Appellant then deposited the money with the Kiko Agency on March 18, 2010. The money was held in escrow.

{¶4} Appellant was unable to close by April 19, 2010. Appellee agreed to extend the closing date. Appellant asked appellee to finance the transaction. The parties entered into discussions but were unable to reach an agreement for appellee to finance the transaction.

{¶5} Based on appellant's failure to close, Kiko Agency conducted a second auction of the property on July 21, 2010. Belnaff Investments, LLC, was the successful bidder. The property sale closed between appellee and Belnaff for a purchase price of $627,000.00, netting appellee $69,215.70.

{¶6} Appellee filed the instant action for breach of contract. Appellee sought damages in the amount of $206,507.02, representing the difference between the net proceeds appellee would have realized under appellant's purchase agreement and the net proceeds appellee realized under the completed sale to Belnaff, plus interest payments appellee was required to make on two loans secured by the property during the time that elapsed between the alleged breach of the purchase agreement by appellant and the ultimate sale of the property to Belnaff.

{¶7} In his answer to the complaint, appellant stated that the purchase agreement contained a binding arbitration clause. The court referred the matter to arbitration on January 4, 2011. By stipulated order filed March 30, 2011, the parties agreed that the arbitrator would be James Conley and the arbitration would be binding.

{¶8} The case was submitted to the arbitrator on stipulated documents and facts, as well as written briefs. Appellant argued that appellee failed to mitigate damages, as appellant's son had secured a loan for 75% of the funds needed to close and appellant had the remaining 25% available, yet appellee went ahead with the second auction.

{¶9} The arbitrator issued a decision on August 16, 2011, finding that appellant breached his contract with appellee and appellee was entitled to damages in the amount of $205,441.03.

{¶10} Appellee filed an application for an order confirming the award. After a hearing before a magistrate, the magistrate issued an order confirming the award, which was adopted by the court. Appellant filed objections to the magistrate's decision, or in the alternative a Civ. R. 60(B) motion to vacate the order adopting the award. The trial

court overruled the objections to the magistrate's decision and denied appellant's motion to vacate.

{¶11} Appellant assigns a single error:

{¶12} "THE DECISION OF THE TRIAL COURT IN ADOPTING AS ITS OWN THE ARBITRATION DECISION IS CONTRARY TO OHIO LAW ON THE APPLICABILITY OF THE ARBITRATION PROCESS TO DISPUTES INVOLVING TITLE TO AND POSSESSION OF REAL ESTATE."

{¶13} Appellee has filed a motion in this Court to dismiss the appeal as untimely and a motion for attorney fees and expenses for a frivolous appeal. This Court took the motions under advisement to be addressed upon merit review.

{¶14} Appellant first argues that the trial court erred in submitting the case to arbitration because arbitration is precluded by R.C. 2711.01(B)(1):

{¶15} "(A) A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.

{¶16} "(B)(1) Sections 2711.01 to 2711.16 of the Revised Code do not apply to controversies involving the title to or the possession of real estate, with the following exceptions:

**{¶17}** "(a) Controversies involving the amount of increased or decreased valuation of the property at the termination of certain periods, as provided in a lease;

**{¶18}** "(b) Controversies involving the amount of rentals due under any lease;

**{¶19}** "(c) Controversies involving the determination of the value of improvements at the termination of any lease;

**{¶20}** "(d) Controversies involving the appraisal of property values in connection with making or renewing any lease;

**{¶21}** "(e) Controversies involving the boundaries of real estate."

**{¶22}** Appellant argues that the instant matter could not be referred to arbitration despite the arbitration clause in the contract because the controversy involves the title to or the possession of real estate, and none of the exceptions apply.

**{¶23}** R.C. 2711.02(C) provides that an order that grants or denies a stay of a trial of any action pending arbitration is a final order and may be reviewed, affirmed, modified, or reversed on appeal. App. R. 4(A) provides that a "party shall file the notice of appeal required by App.R. 3 within thirty days" of the entry of the judgment or order being appealed. Therefore, a party must file an appeal within thirty days of the entry of the order staying a case and referring the matter to arbitration or the appeal is untimely. *Schmidt v. Bankers Title & Escrow Agency, Inc.,* 8th Dist. No. 88847, 2007-Ohio-3924, ¶11.

**{¶24}** The judgment referring this matter to arbitration was filed January 4, 2011. Appellant filed his notice of appeal on November 15, 2011. Appellant's notice of appeal is therefore untimely as to issues related to the order referring the matter to arbitration.

{¶25} Further, arbitration in this case was not precluded by R.C. 2711.01(B)(1). The instant case does not involve the title to or possession of real estate. The subject matter of the case is breach of the contract to purchase real estate and only money damages are sought by appellee. The title to the property and possession of the property is not in dispute in the instant matter.

{¶26} Appellant next argues that the court erred in failing to grant his Civ. R. 60(B) motion for relief from the judgment confirming the arbitrator's award, based on his argument that R.C. 2711.01(B)(1) precluded submission of the case to arbitration. As discussed above, the instant case does not involve the title to or possession of real estate, and therefore R.C. 2711.01(B)(1) did not preclude submission of the case to arbitration. Further, this Court has previously questioned the use of a Civ. R. 60(B) motion to challenge an arbitration award:

{¶27} "Ohio law recognizes that R.C. 2711.10 provides the sole grounds for vacating arbitration awards, and appellate review is limited to those circumstances set forth in the statute. See *Selby Gen. Hosp. v. Kindig,* Washington App. No. 04CA53, 2006-Ohio-4383, ¶ 30, citing *University Mednet v. Blue Cross & Blue Shield of Ohio* (1997) 126 Ohio App.3d 219, 231-232, 710 N.E.2d 279. We note appellant's Civ.R. 60(B) motion in the case sub judice makes no specific reference to the statutory grounds set forth in R.C. 2711.10." *Mahlerwein v. Lakhi*, 5th Dist. No. 07CA2, 2007-Ohio-6616, ¶13.

{¶28} As in *Mahlerwein*, appellant in the instant case did not make any reference to the statutory grounds set forth in R.C. 2711.10. [1] Appellant argued that the case was

---

[1] R.C. 2711.10 provides:

improperly submitted to arbitration pursuant to R.C. 2711.01(B)(1), and he had a meritorious defense to present if the confirmation of the award was vacated and the case proceeded to trial; namely, that appellee failed to mitigate damages. The trial court did not err in overruling appellant's Civ. R. 60(B) motion as appellant did not set forth grounds for vacating an arbitration award pursuant to R.C. 2711.10, and appellant's claim that the matter could not be referred to arbitration pursuant to statute was without merit as discussed earlier in this opinion.

{¶29} Finally, appellant argues the trial court erred in failing to vacate the award because the arbitrator failed to account for appellee's failure to mitigate damages.

{¶30} A trial court is precluded by R.C. 2711.10 and R.C. 2711.11 from reconsidering the merits of the arbitrator's award. *Resource Realty Exchange Corp.*, 8th Dist. No. 85972, 2005-Ohio-4131, ¶12. Similarly, an appellate court undertakes the same limited review as the trial court. *Id.* at ¶13. Therefore, neither the trial court nor this court could consider appellant's claim that the arbitrator erred in failing to properly consider the issue of mitigation of damages, because such a claim goes to the merits of the arbitrator's award.

{¶31} Further, appellant did not raise this issue in his motion to vacate the confirmation of the award. Appellant argued that if the trial court vacated the award based on its improper submission of the matter to arbitration, he had a meritorious

---

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
"(A) The award was procured by corruption, fraud, or undue means.
"(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
"(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

defense to present in that appellee failed to mitigate damages. However, he did not argue that the judgment should be vacated on this basis.

**{¶32}** The assignment of error is overruled.

**{¶33}** Appellee has moved for fees and expenses for a frivolous appeal pursuant to App. R. 23, which provides:

**{¶34}** "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs."

**{¶35}** Pursuant to this rule, we find the instant appeal to be frivolous.

**{¶36}** The judgment of the Stark County Common Pleas Court is affirmed. Pursuant to App. R. 23, we find the instant appeal to be frivolous.

By: Edwards, J.

Delaney, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r0320

[Cite as *Mears Harding L.L.C. v. Ferri*, 2012-Ohio-2878.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MEARS HARDING LLC | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| EZIO FERRI | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011CA00253 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Pursuant to App.R. 23, we find the appeal to be frivolous. Amount of reasonable expenses to be paid by appellant for the frivolous appeal shall be determined by this Court at a later date. Costs assessed to appellant.

_____

_____

_____

JUDGES